IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN D. DAVENPORT and<br>BETTY DAVENPORT<br>47 Stockton Drive<br>New Castle, DE 19720 | **SUMMONS IN A CIVIL CASE**<br><br>CASE NO.<br><br>676 |
| v. | |
| KNIGHT TRANSPORTATION,<br>INCORPORATED<br>5601 West Buckeye Road<br>Phoenix, Arizona 85043 | |
| and | |
| TERRY HAMPTON DAVENPORT<br>9339 Parkwood Drive<br>Charlotte, North Carolina 78214 | |

**COMPLAINT**
**JURY TRIAL DEMANDED AS TO ALL DEFENDANTS**

**PARTIES**

1. Plaintiffs, John D. Davenport and Betty Davenport, are individuals residing at 47 Stockton Drive, New Castle, Delaware 19720.

2. Defendant, Knight Transportation, Incorporated, is an Arizona corporation with a corporate headquarters located at 5601 West Buckeye Road, Phoenix, Arizona 85403.

3. Defendant, Terry Hamilton Davenport, is an individual residing at 9339 Parkwood Drive, Charlotte, North Carolina 78214.

4. At all times material to this cause of action, defendant Terry Hamilton Davenport was an employee of defendant Knight Transportation, Incorporated, and was acting within the course and scope of his employment.

## JURISDICTION

5. Plaintiffs hereby incorporate paragraphs 1 through 4 as if set forth herein.

6. With respect to the claims against defendant Knight Transportation, Incorporated, and defendant Terry Hamilton Davenport, jurisdiction is conferred pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

7. The appropriate venue is the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1402(b) as this is the judicial district where the plaintiffs reside.

## **COUNT I**

8. Plaintiffs hereby incorporate paragraphs 1 through 7 as if set forth herein.

9. On November 4, 2004, plaintiff, John D. Davenport was operating a tractor twin trailer in a Southerly direction on Interstate 85 in Dinwiddie, Virginia and was stopped in traffic near Exit 460.

10. On the date and at the time and place aforesaid, defendant, Terry Hamilton Davenport, was operating a tractor trailer owned by defendant Knight Transportation, Incorporated, in a Southerly direction on Interstate 85, and drove his tractor trailer into the rear of plaintiff's vehicle at a high rate of speed and with such force as to propel plaintiff's vehicle 75 feet into the rear of a third vehicle that had been stopped in front of plaintiff's vehicle.

11. The negligence of defendant, Terry Hamilton Davenport, was the proximate cause of the collision between defendant Davenport's vehicle and plaintiff's vehicle, and was also the proximate cause of the collision between the plaintiff's vehicle and the vehicle in front of plaintiff's vehicle, in that defendant Davenport:

    (a) failed to leave a safe and reasonable distance between his vehicle and plaintiff's vehicle;

    (b) failed to give full time and attention to the operation of his vehicle;

    (c) failed to maintain a proper lookout while operating his vehicle;

    (d) operated his vehicle at a speed greater than that which was reasonably prudent;

    (e) failed to maintain proper control of his vehicle;

    (f) operated his vehicle in a careless or imprudent manner; and

    (g) failed to use due care to avoid a collision with plaintiff's vehicle.

12. As a direct and proximate result of the negligence of defendant, Terry Hamilton Davenport, plaintiff, John D. Davenport, sustained both temporary and permanent injuries which have caused him, and will continue to cause him, great pain and agony, and mental anguish, and have prevented him and will continue to prevent him from enjoying his hobbies, adocations, and the simple pleasures of daily living.

13. As a further direct and proximate result of the negligence of defendant, Terry Hamilton Davenport, plaintiff, John D. Davenport, has been obliged to expend various sums of money for medicine and medical treatment while endeavoring to treat and cure himself of his

injuries, and he will be obliged to expend additional sums of money for the same purposes in the future.

14. As a further direct and proximate result of the negligence of defendant, Terry Hamilton Davenport, plaintiff, John D. Davenport, has suffered and will to continue to suffer a reduction in his earning capacity.

15. As a further direct and proximate result of the negligence of defendant, Terry Hamilton Davenport, plaintiff, Betty Davenport was for a period of time and probably will in the future be deprived of the comfort, society, companionship, assistance, support and consortium of her spouse, John D. Davenport, all of which has been and will continue to be to her great financial, physical, psychological and emotional damage.

16. At all times relevant hereto, defendant, Terry Hamilton Davenport, was acting as agent, servant and employee and in the course and scope of his employment with defendant Knight Transportation, Incorporated, or was in the alternative an ostensible agent or borrowed servant. Under the doctrine of respondeat superior, defendant Knight Transportation, Incorporated is liable for the tortious conduct of its agent, servant, or employee, Terry Hamilton Davenport.

WHEREFORE, plaintiffs demand judgment against defendants jointly and severally, in an amount which will reasonably compensate plaintiffs for the injuries and damages sustained, plus interest and the costs of this action.

## COUNT II

17. Plaintiffs hereby incorporate paragraphs 1 through 16 as if set forth herein.

18.     Defendant Terry Hamilton Davenport acted with a reckless disregard of the plaintiff's well being, thus providing a basis for an award of punitive damages.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, for compensatory damages, punitive damages, and costs of suit.

CHARLES SNYDERMAN, P.A.

/s/ Charles Snyderman

CHARLES SNYDERMAN, ESQUIRE
Del. Bar I.D. No. 426
5301 Limestone Road, Suite 214
Wilmington, DE 19808
(302) 239-1140
Attorney for Plaintiffs

DATED: November 2, 2006

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
John D. Davenport and Betty Davenport

### DEFENDANTS
Knight Transportation, Incorporated and Terry Hampton Davenport

**(b)** County of Residence of First Listed Plaintiff: New Castle County DE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Maricopa, AZ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Charles Snyderman, Esquire
5301 Limestone Road, Suite 214
(302) 239-1140

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury – Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(a)
Brief description of cause:
Motor Vehicle Collision

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
**CHECK YES** only if demanded in complaint;
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 11/2/06
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____06-676-_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __3__ COPIES OF AO FORM 85.

__11-2-06__  
(Date forms issued)

_____  
(Signature of Party or their Representative)

__Charles Snyderman__  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action