UNITED STATES DISTRICT COURT

District of <u>Delaware</u>

| | |
|---|---|
| JOHN D. DAVENPORT and<br>BETTY DAVENPORT<br>47 Stockton Drive<br>New Castle, DE 19720 | **SUMMONS IN A CIVIL CASE**<br><br>CASE NO. 06-676-JJF |
| v. | |
| KNIGHT TRANSPORTATION,<br>INCORPORATED<br>5601 West Buckeye Road<br>Phoenix, Arizona 85043 | |
| and | |
| TERRY HAMPTON DAVENPORT<br>9339 Parkwood Drive<br>Charlotte, North Carolina 78214 | |

## WAIVER OF SERVICE OF SUMMONS

TO:   Charles Snyderman, Esquire
      Charles Snyderman, P.A.
      5301 Limestone Road, Suite 214
      Wilmington, DE 19808

Knight Transportation, Incorporated acknowledges receipt of your request that we waive

service of a summons in the action of *John D. Davenport and Betty Davenport v. Knight*

*Transportation, Incorporated and Terry Hampton Davenport* which is case number 06-676 JJF in

the United States District Court for the District of Delaware.  Knight Transportation, Incorporated

has also received a copy of the Complaint in the action, two copies of this instrument, and a means

by which we can return the signed waiver to you without cost to Knight Transportation,

Incorporated.

Knight Transportation, Incorporated agrees to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

Knight Transportation, Incorporated will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

Knight Transportation, Incorporated understands that a judgment may be entered against us if an answer or motion under Rule 12 is not served upon you within 60 days after November 20, 2006.

Knight Transportation, Incorporated

By: _____

_12 | 1 | 2006 ._
Date

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civile Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and Complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the Complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the Complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.