# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN D. DAVENPORT, and<br>BETTY DAVENPORT,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>KNIGHT TRANSPORTATION,<br>INCORPORATED, and<br>TERRY HAMPTON DAVENPORT,<br><br>　　　　Defendants | C.A. No: 06-676 JJF<br><br><br><br><br>TRIAL BY JURY<br>DEMANDED |

## ANSWER TO COMPLAINT

### PARTIES

1.　　Admitted.

2.　　Denied as stated.

3.　　Admitted.

4.　　Admitted that the defendant, Terry Hampton Davenport, was employed by Knight Transportation, Inc., an Arizona Corporation.

### JURISDICDTION

5.　　The defendants reallege their responses to paragraphs 1-4 of the Complaint by reference.

6.　　Admitted as to Terry Hamilton Davenport and Knight Transportation, Inc.

7.　　Admitted.

## COUNT I

8.      The defendants reallege their responses to paragraphs 1-7 of the Complaint by reference.

9.      Admitted as to the date, time and location. The answer defendants are unaware as to whether the plaintiff's vehicle was stopped or stopping.

10.     Admitted as to the date, time and location. It is admitted that the defendants' tractor trailer struck the rear of the plaintiff's vehicle. The characterizations as to speed and force are denied.

11.     Any negligence or proximate cause on the part of the defendant is denied.

12.     Any negligence or proximate cause on the part of the defendant is denied. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments.

13.     Any negligence or proximate cause on the part of the defendant is denied. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments.

14.     Any negligence or proximate cause on the part of the defendant is denied. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments.

15.     Any negligence or proximate cause on the part of the defendant is denied. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the averments.

16.     Admitted as to Terry Hampton Davenport and Knight Transportation, Inc.

WHEREFORE, the defendants demand judgment against the plaintiffs for costs.

## COUNT II

17. The defendants reallege their responses to paragraphs 1-16 of the Complaint by reference.

18. Denied.

WHEREFORE, the defendants demand judgment against the plaintiffs for costs.

## FIRST AFFIRMATIVE DEFENSE

19. To the extent of 21 Del.C. sec. 2118, medical expenses and/or lost wages are not recoverable in this action.

WHEREFORE, the defendants demand judgment against the plaintiffs for costs.

BECKER & BECKER, P.A.


 /s/ Richard D. Becker
RICHARD D. BECKER, ESQ. (#2203)
2702 Capitol Trail
Newark, DE  19711
COUNSEL FOR DEFENDANTS

Dated:  1/1907

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN D. DAVENPORT, and<br>BETTY DAVENPORT,<br><br>    Plaintiffs,<br><br>v.<br><br>KNIGHT TRANSPORTATION,<br>INCORPORATED, and<br>TERRY HAMPTON DAVENPORT,<br><br>    Defendants. | )<br>)  C.A. No: 06-676 JJF<br>)<br>)<br>)<br>)<br>)<br>)  TRIAL BY JURY<br>)  DEMANDED<br>)<br>)<br>)<br>) |

### CERTIFICATE OF SERV ICE OF ANSWER TO COMPLAINT

    I hereby certify that the two copies of the above-named document(s) were mailed, U.S. Mail First Class, on January 19, 2007, to the following:

    Charles Snyderman, Esq.
    5301 Limestone Rd., Ste. 214
    Wilmington, DE 19808

    BECKER & BECKER, P.A.

    _/s/ Richard D. Becker_____
    Richard D. Becker, Esq. (#2203)
    2702 Capitol Trail
    Newark, DE  19711
    Tel: (302) 654-5374
    Counsel for Defendants