## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN D. DAVENPORT, and<br>BETTY DAVENPORT, | ) )  ) | C.A. No: 06-676 JJF |
| Plaintiffs, | ) ) | |
| v. | ) ) | TRIAL BY JURY |
| KNIGHT TRANSPORTATION,<br>INCORPORATED, and<br>TERRY HAMPTON DAVENPORT, | ) ) ) ) | DEMANDED |
| Defendants | ) | |

## MOTION TO COMPEL DISCOVERY

COMES NOW, the defendants, Knight Transportation Incorporated and Terry Hampton Davenport, and moves for an Order compelling the plaintiff to respond to discovery as described herein, and as reasons states as follows:

1.      This is a personal injury action for damages alleged to arise from a motor vehicle accident which occurred on November 4, 2004.  Suit was filed by the plaintiffs on November 2, 2006.  The defendants filed their Answer on January 19, 2007.

2.      On March 16, 2007, the Court entered a Rule 16 Scheduling Order, with the following deadlines:

|   |   |   |
|---|---|---|
| a. | Pre-Discovery Disclosures | March 22, 2007; |
| b. | Plaintiff Expert Reports | July 30, 2007; |
| c. | Discovery Cutoff | August 31, 2007; |
| d. | Defense Expert Reports | October 1, 2007. |

A copy of the Pre-Trial Order is attached as Exhibit A.

3.      On July 11, 2007, the Court entered an Order scheduling the Pretrial Conference for January 10, 2008.

## PRE-DISCOVERY DISCLOSURES

4.      Pursuant to Rule 26(a)(1), the plaintiff was required to provide the plaintiff with Pre-Trial Discovery (by March 22, 2007) as follows:

a.      The names, addresses and telephone numbers of individuals likely to have discoverable information;

b.      Copies of, or a description of, all documents, etc. which may support claims;

c.      A compilation of damages.

5.      The plaintiff has not supplied any Pre-Discovery Disclosures.

6.      On January 24, 2007, the undersigned wrote to counsel for the plaintiff, seeking copies of medical records and income information.   By letter dated March 14, 2007, the undersigned received copies of income tax returns, but no other substantive information regarding income loss.

7.      On June 14, 2007, the undersigned wrote to counsel for the plaintiff, requesting the required Rule 26(a)(1) disclosures within 10 days or a Motion to Compel would be filed.

8.      On June 19, 2007, the undersigned spoke with the Hon. Vincent Bifferato, who indicated that he was calling on the behalf of counsel for the plaintiff, who would need "more time" to respond to discovery as a result of certain personal or health issues.

9.      On July 11, 2007 the undersigned placed a follow up call to retired Judge Bifferato, leaving a message, requesting a return call regarding counsel for the plaintiff.  No return call was received.

10.     On August 27, 2007, the undersigned placed a telephone call to counsel for the plaintiff, leaving a message for a return call.  As of the date of this Motion, the required Disclosures have not been received.

11.     In the complaint, the plaintiffs allege permanent physical injuries to the male plaintiff arising from a tractor trailer accident, and further allege that the actions of the defendant pushed the plaintiff's vehicle forward 75 feet, causing a 2nd impact on an third vehicle.  Without providing a dollar amount, the complaint seeks special damages for past and future medical treatment, in addition to seeking damages for pain and suffering and permanent injury.  The plaintiff never supplied a monetary demand.

## PAPER DISCOVERY

12.     On June 14, 2007, the defendant issued interrogatories and a request for production to the plaintiff.  Copies of the Interrogatories and Request for Production are attached as Exhibit B. To date, no responses have been filed.

13.     The communications described in paragraphs 6 through 10 supra, which occurred after June 14, 2007, involved attempts at addressing both the Pre-Discovery disclosures and the paper discovery.

14.     The plaintiff did not provide any pre-suit medical information to the defendants' or their representatives, and according, the defendants are currently in the dark as to the plaintiff's injuries or claims. While the defendants would like the opportunity to mediate this case, the defendants cannot in good faith seek mediation blindly.   Complete responses to both the Pre-Discovery Disclosure requirement and the paper discovery is necessary for the defendant to manage the case, determine what further discovery is necessary, determine what types of defense experts are necessary, and to prepare for trial.

15.     The plaintiff has not disclosed the name or address of any experts, and has not provided any expert discovery or reports, despite an agreed upon deadline of July 31, 2007.

WHEREFORE, the defendants respectfully request that this court enter its Order:

a.      Granting any relief provided for by <u>Civil Rule</u> (a)(2), (a)(4) & (d), including but not limited to dismissal of this case for the failure to prosecute, barring or limiting evidence, and the grant of fees and costs;

b.      Granting such other further relief as may be just.


                                        BECKER & BECKER, P.A.


                                         /s/ Richard D. Becker
                                        RICHARD D. BECKER, ESQ. (#2203)
                                        2702 Capitol Trail
                                        Newark, DE  19711
                                        COUNSEL FOR DEFENDANTS

Dated:  August 28, 2007

## UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN D. DAVENPORT, and<br>BETTY DAVENPORT,<br><br>      Plaintiffs,<br><br>    v.<br><br>KNIGHT TRANSPORTATION,<br>INCORPORATED, and<br>TERRY HAMPTON DAVENPORT,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No: 06-676 JJF

TRIAL BY JURY
DEMANDED

## **NOTICE OF MOTION**

TO:      Charles Snyderman, Esq.
             5301 Limestone Rd., Ste. 214
             Wilmington, DE  19808

      PLEASE TAKE NOTICE that the undersigned has filed the within Motion to Compel

Discovery, to be considered pursuant to the Rules of this Court.

                        BECKER & BECKER, P.A.


                         /s/ Richard D. Becker
                        RICHARD D. BECKER,ESQ. (#2203)
                        2702 Capitol Trail
                        Newark, DE  19711
                        COUNSEL FOR DEFENDANTS

Dated:  August 28, 2007

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN D. DAVENPORT, and | ) | |
| BETTY DAVENPORT, | ) | C.A. No: 06-676 JJF |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY |
| KNIGHT TRANSPORTATION, | ) | DEMANDED |
| INCORPORATED, and | ) | |
| TERRY HAMPTON DAVENPORT, | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' RULE 26(a)(2)(A) CERTIFICATION

The undersigned hereby certifies that he has in good faith, attempted to confer with counsel for the plaintiffs regarding discovery matters in an effort to secure disclosures and discovery responses without court action, as described in the body of the Motion to Compel.

BECKER & BECKER, P.A.

 /s/ Richard D. Becker
RICHARD D. BECKER, ESQ. (#2203)
2702 Capitol Trail
Newark, DE 19711
COUNSEL FOR DEFENDANTS

Dated: August 28, 2007

EXHIBIT B

INTERROGATORIES &
REQUEST FOR PRODUCTION
ISSUED JUNE 14, 2007

# UNITED STATES DISTRICT COURT

# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN D. DAVENPORT, and | ) | |
| BETTY DAVENPORT, | ) | C.A. No:  06-676 JJF |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY |
| KNIGHT TRANSPORTATION, | ) | DEMANDED |
| INCORPORATED, and | ) | |
| TERRY HAMPTON DAVENPORT, | ) | |
| | ) | |
| Defendants, | ) | |

## INTERROGATORIES DIRECTED TO PLAINTIFF

1.  With respect to persons who have been interviewed on your behalf, in regard to the facts alleged in the pleadings, other than those listed in answers to interrogatories heretofore file, state:

    (a) the names and last known addresses of the persons interviewed;

    (b) the date of each such interview;

    (c) whether a signed or unsigned statement or a recorded interview was obtained from each interviewee, or a written or typed resume (whether in the form of a memorandum, letter or report) of each such interview prepared, and, if so, the names and last known addresses of persons who presently have custody, possession or control of the originals and all copies of such statements, recorded interviews or resumes.

    ANSWER:

2.  With respect to each sketch, diagram, plat or photograph which has been made or taken in regard to any fact alleged in the pleadings, other than those listed in answers to interrogatories heretofore filed, please state:

    (a) whether it is a sketch, diagram, plat or photograph;

(b) the name and last known address of the person who prepared the sketch, diagram or plat, or who took the photograph;

(c) a general description of its subject;

(d) the date it was prepared or taken;

(e) whether it was prepared or taken under the supervision or direction of your attorney;

(f) the names and last known addresses of each person having copies.

ANSWER:

3.   Please provide the name and address of all experts (including where applicable, medical personnel) who have been consulted on your behalf in connection with this case, and provide the information permitted to be discovered under FRCP 26.

ANSWER:

4.   Give the names and addresses of all doctors or other medical personnel who have examined or treated you for the injury averred in the Complaint and the dates on which such examination or treatment took place.  With regard to any treatments you received from any doctor or other medical personnel, describe such treatment and give the exact dates of such treatment.

ANSWER:

5.   State in detail the injuries, illnesses, complaints or diseases you claim to have sustained in the accident upon which this Complaint is based.

ANSWER:

6.  If you have not recovered from the injuries, illnesses, complaints or diseases sustained in the accident upon which this Complaint is based, state in what respect you have not fully recovered and:

        (a) if you claim any of these injuries, conditions or disabilities are permanent, describe them and their degree of permanency;

        (b) identify the expert who will testify as to permanency

    ANSWER:

7.  As to all X-rays, CT Scans, MRI's, EMG's, ENG's, EEG's, or other diagnostic tests were taken in connection with your injuries, state the name and address of the person taking such test, when and where they were taken and in whose custody the same are now.

    ANSWER:

8.  State what illnesses, infirmities, diseases or injuries you had or were told you had during the ten (10) years preceding the accident, whether or not the same originated in that period.

    ANSWER:

9.  State whether or not you were examined or treated by a physician or other medical provider at any time during the ten (10) years immediately preceding the accident.  If so, please state the dates of each such examination or treatment, the name and address of each doctor involved and the purpose of each such examination or treatment.

    ANSWER:

10.  If you claim the right to recover any "out-of-pocket" expenses, including, but not limited to medical expenses, itemize each such expense with a description of the expense, date, and provider.

ANSWER:

11.  If you claim the right to recover future medical or home care related expenses, please itemize each such expense and ,identify all experts predicting the expense;

ANSWER:

12.  State whether or not any compensation from any insurer, including but limited to, health insurance, automobile insurance, homeowner's insurance and workmen's compensation insurance, has been paid or received on account of the injury(ies) you allege to have suffered in the accident which forms the basis of the Complaint, or the expense of treating it, and identify the provider of the compensation by name, address, and claim number.

ANSWER:

13.  If any lawsuit other than this case has been brought as a result of the accident on which this action is predicated, state the name and address of each such person and/or organization and the nature of the claim, and identify the document(s) submitted in presenting the claim.

ANSWER:

14.  If you have ever instituted a civil action in any court or have you ever been a defendant in a civil action in any court, state the name and address of the court, the names and addresses of other persons or corporations who

were parties to such action, the civil action number, the date (including the year and, if possible, the month) when such action was instituted, and whether or not you were a plaintiff or defendant.

ANSWER:

15.   With respect to any automobile accident, or any other type of accident, in which you have been involved other than that on which your claims are based in the present case, please state:

(a) a narrative description of how and where the accident occurred;

(b) which portion of your body was injured, if any, and a description of the injury;

(c) the names and present or last known addresses of any persons involved in this accident;

(d) the names and present or last known addresses of any physician or hospital and the dates you were treated for any injury;

(e) whether or not any police agency investigated the event during which the accident occurred, and, if so, the name of the police agency and the names and present or last known addresses of the police officers who did the investigation;

(f) whether or not any written report was made of the event during which the accident occurred to any governmental agency or insurance company; if so, give the name and present or last known address of the office of the agency or company to which such report was directed, and the date of the report;

(g) the date of the accident.

ANSWER:

16.   With respect to any injury resulting in any claim, whether or not by accident, which you have allegedly suffered, other than that on which your claims are based in the present case, please state:

(a) a narrative description of how and where the injuries occurred;

(b) which portion of your body was injured, if any, and a description of the injury;

(c) the names and present or last known addresses of any persons involved in the incident(s) giving rise to the injury;

(d) the names and present or last known addresses of any physician or hospital and the dates you were treated for any injury;

(e) whether or not any police agency investigated the event during which the incident(s) occurred, and, if so, the name of the police agency and the names and present or last known addresses of the police officers who did the investigation;

(f) whether or not any written report was made of the event during which the incident(s) occurred to any governmental agency or insurance company; if so, give the name and present or last known address of the office of the agency or company to which such report was directed, and the date of the report;

(g) the date of the incident.

ANSWER:

17.    If you claim that the defendant violated any state statute not previously listed in the Complaint, designate the statute and the facts on which you base a claim that such statute was violated by the defendant.

ANSWER:

18.    Please state whether you have ever had a conversation with the defendants, and, if so, whether such conversation was in each other's presence or over the telephone, and the date of each such conversation.

ANSWER:

19.  If you were employed at the time of the accident, state  the name and address of your employer,  and your weekly or monthly income and the length of time you had been receiving this rate of income.

ANSWER:

20.  Give the exact dates of your inability of work, and the respective dates on which you resumed:

(a)  part of your usual duties;

(b)  all of your usual duties.

ANSWER:

21.  State the amount of earnings or income, which you claim to have lost as a result of your injuries, and how such loss is computed.

ANSWER:

22.  State the amount of lost future earnings or income which you claim to have lost as a result of your injuries, and how such loss is computed.

ANSWER:

23.  Give the names and addresses of all doctors who have been your family or regular physician or medical provider, either at the present time, or in the past, and the years in which said doctors treated you, as well as the ailments for which said family physician treated you or attended you.

ANSWER:

24.  Please state your Social Security number.

ANSWER:

BECKER & BECKER, P.A.

_____
RICHARD D. BECKER, ESQ. (#2203)
2702 Capitol Trail
Newark, DE  19711
(302)654-5374
**Attorney for Defendants**

Dated:

**UNITED STATES DISTRICT COURT**

**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN D. DAVENPORT, and | ) | |
| BETTY DAVENPORT, | ) | C.A. No: 06-676 JJF |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY |
| KNIGHT TRANSPORTATION, | ) | DEMANDED |
| INCORPORATED, and | ) | |
| TERRY HAMPTON DAVENPORT, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>REQUEST FOR PRODUCTION DIRECTED TO PLAINTIFF</u>

The defendant(s) request(s) that the plaintiff(s) produce for examination and copying at the office of the attorney for the defendant(s), on or before thirty (30) days from the date of receipt of this Request, the following items:

(1)    All hospital records, doctors' summaries and reports concerning any physical tests performed on or concerning the injured plaintiff(s) and any other matter in writing prepared by or on behalf of any person trained in the healing arts concerning the injured plaintiff's(s') past, present or future physical condition insofar as such matters in writing may be in the possession, custody or control of the plaintiff(s) or available to the plaintiff(s), plaintiff's(s') attorney upon request by him/her to any doctor, hospital or other person trained in the healing arts.

(2)    Copies of all statements, bills or cancelled checks showing the amount charged and/or paid for services rendered to the injured plaintiff(s), or items sold to the plaintiff(s) in connection with the care of the injured plaintiff's(s') alleged injuries.

(3)    Copies of all photographs, sketches, diagrams or other drawings taken by or prepared by you or on your behalf or in your possession or available to you concerning any aspect of the litigation.

(4)    Copies of Federal Income Tax Returns and W-2's of the plaintiff(s) for the years 1998 - present.

(5)    Copies of all statements or summaries or interviews taken of any person with respect to any issue in the case, including but not limited to, the plaintiff(s) or his/her/their agents and the defendant(s) or the defendant's(s') agents.

(6)    Copies of all reports of investigation, findings of fact, observation of facts or circumstances or any other matter relating to any aspect of the litigation.

(7)    Any reports by any person qualifying as an expert containing opinions and/or facts on which opinions are based concerning any aspect of the litigation.

(8)    Insofar as any insurer, including but not limited to, workmen's compensation insurers or automobile PIP coverage insurers may have reports, records or the like which are available to the plaintiff(s) upon request, then copies of such reports and records.

(9)    Any other document or thing in your possession or available to you, in addition to the items specified in previous sections of this Request for Production which is or may be relevant to any issue in the litigation, including but not limited to issues of liability and/or damages.

DATED: June 14, 2007                    BECKER & BECKER, P.A.

 

_____
RICHARD D. BECKER, ESQ. (#2203)
2702 Capitol Trail
Newark, DE  19711
(302)654-5374
**Attorney for Defendants**

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN D. DAVENPORT, and<br>BETTY DAVENPORT, | ) ) | C.A. No:  06-676 JJF |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY |
| KNIGHT TRANSPORTATION, | ) | DEMANDED |
| INCORPORATED, and | ) | |
| TERRY HAMPTON DAVENPORT, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE OF
## REQUEST FOR PRODUCTION AND INTERROGATORIES
## <u>DIRECTED TO PLAINTIFF</u>

I hereby certify that the original and one, or two copies of the above-named document(s) were mailed, U.S. Mail, First Class on  June 14, 2007 , to the following:

Charles Snyderman, Esq.
301 Limestone Rd., Ste. 214
Wilmington, DE  19808

                                    BECKER & BECKER, P.A.


                                    /s/ Richard D. Becker
                                    RICHARD D. BECKER, ESQ. (#2203)
                                    2702 Capitol Trail
                                    Newark, DE  19711
                                    (302)654-5374
                                    **Attorney for Defendants**

Dated: 6/14/07

# UNITED STATES DISTRICT COURT

# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN D. DAVENPORT, and | ) | |
| BETTY DAVENPORT, | ) | C.A. No: 06-676 JJF |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY |
| KNIGHT TRANSPORTATION, | ) | DEMANDED |
| INCORPORATED, and | ) | |
| TERRY HAMPTON DAVENPORT, | ) | |
| | ) | |
| Defendants | ) | |

## <u>ORDER</u>

AND NOW, TO WITH, the within Motion to Compel Discovery having been duly filed and considered,

IT IS HEREBY ORDERED;

a.    That the plaintiffs shall serve and file complete Pre-Discovery Disclosures by _____;

b.    That the plaintiffs shall serve and file complete Answers to Interrogatories and the Request for Production of the plaintiff on or by _____;

c.    That the plaintiffs shall pay the sum of $_____ to counsel for the defendant as a sanction for the failure to comply with their discovery obligations, said payment to be made by _____.

_____
The Hon. Joseph J. Farnan, Jr.
Judge, U.S. District Court

**UNITED STATES DISTRICT COURT**

**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN D. DAVENPORT, and | ) | |
| BETTY DAVENPORT, | ) | C.A. No: 06-676 JJF |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | TRIAL BY JURY |
| KNIGHT TRANSPORTATION, | ) | DEMANDED |
| INCORPORATED, and | ) | |
| TERRY HAMPTON DAVENPORT, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF SERVICE OF**
**MOTION TO COMPEL DISCOVERY**

     I hereby certify that the original and one, or two copies of the above-named

document(s) were mailed, U.S. Mail, First Class on _ August 28, 2007 _, to the following:


Charles Snyderman, Esq.
5301 Limestone Rd., Ste. 214
Wilmington, DE 19808



                           BECKER & BECKER, P.A.



                           /s/ Richard D. Becker
                           RICHARD D. BECKER, ESQ. (#2203)
                           2702 Capitol Trail
                           Newark, DE 19711
                           (302)654-5374
                           **Attorney for Defendants**

Dated: 8/28/07

EXHIBIT A
RULE 16 SCHEDULING ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN D. DAVENPORT and | : | |
| BETTY DAVENPORT | : | |
| 47 Stockton Drive | : | |
| New Castle, DE 19720 | : | CASE NO.   06-676-JJF |
| | : | |
| v. | : | |
| | : | |
| KNIGHT TRANSPORTATION, | : | |
| INCORPORATED | : | |
| 5601 West Buckeye Road | : | |
| Phoenix, Arizona 85043 | : | |
| | : | |
| and | : | |
| | : | |
| TERRY HAMPTON DAVENPORT | : | |
| 9339 Parkwood Drive | : | |
| Charlotte, North Carolina 78214 | : | |

**RULE 16 SCHEDULING ORDER**

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1    **Pre-Discovery Disclosures.** The parties will exchange by March 22, 2007

the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Joinder of other Parties.** All motions to join other parties shall be filed

on or before July 30, 2007.

3.    **Discovery.**

(a)    Exchange and completion of interrogatories, identification of all

fact witnesses and document production shall be commenced so as to be completed by August

31, 2007.

       (b)    Maximum of 75 interrogatories by each party to any other party.

       (c)    Maximum of 50 requests for admission by each party to any other

party.

       (d)    Maximum of 10 depositions by plaintiff(s) and 10 by defendant(s).

Depositions shall not commence until the discovery required by Paragraph 4 (a, b and c) are

completed.

       (e)    Reports from retained experts required by Fed.R. Civ. P. 26(a)(2)

are due from the plaintiff(s) by July 30, 2007; from the defendant(s) by October 1, 2007.

       (f)    Any party desiring to depose an expert witness shall notice and

complete said deposition no later than thirty (30) days from receipt of said expert's report, unless

otherwise agreed in writing by the parties.

       4.    **Discovery Disputes**.

       (a)    A party seeking discovery which the opposing party refuses to

provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure

and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the

Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the

motion. No reply is permitted.

       (b)    All papers shall set forth in a plain and concise manner the issue(s)

in dispute, the party's position on the issue(s), and the reasons for the party's position.

       (c)    Upon receipt of the Answer, the movant shall notify Chambers by

e-mail at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

       (d)    Upon receipt of the movant's e-mail, the Court will determine

whether a conference is necessary and advise the parties accordingly.

(e)    There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

5.    **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before August 15, 2007.

6.    **Case Dispositive Motions**. Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before October 31, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

7.    **Applications by Motion**.

(a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Briefs shall be limited to no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)    No facsimile transmissions will be accepted.

(c)    No telephone calls shall be made to Chambers.

(d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

8.     **Pretrial Conference and Trial.** After reviewing the parties' Proposed

Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the

Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is

deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a

trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

March 16, 2007
DATE

UNITED STATES DISTRICT JUDGE